UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA LANDYCZKOWSKI,

    Plaintiff,

v.

    Case No. 10-14980
    Hon. Gerald E. Rosen
    Magistrate Judge Michael Hluchaniuk

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    March 27, 2012

PRESENT: Honorable Gerald E. Rosen
                Chief Judge, United States District Court

On February 22, 2012, Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Pamela Landyczkowski's motion for remand and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed an objection to the R & R on March 5, 2012. Having reviewed the R & R, Plaintiff's objection, the parties' underlying motions, and the administrative record, the Court overrules Plaintiff's objection and adopts the R & R in its entirety.

As her sole objection to the R & R, Plaintiff reasserts the principal challenge

advanced in her underlying motion for remand — namely, that the Administrative Law Judge ("ALJ") failed to properly evaluate the opinion of a treating source, Randy Sommerville, in accordance with the Social Security Administration's "treating source" regulation, 20 C.F.R. § 404.1527(d)(2). This regulation specifies the conditions under which a treating source's opinion is entitled to "controlling weight," and it obligates an ALJ to provide "good reasons" for the weight given a treating source opinion. 20 C.F.R. § 404.1527(d)(2). Moreover, in the event that an ALJ does not give controlling weight to a treating source's opinion, the regulation identifies a number of factors that the ALJ must consider in determining the weight this opinion will be given. *See* 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), (d)(3)-(6). In Plaintiff's view, the ALJ failed to specify the weight given to Mr. Sommerville's opinion, nor did he provide any "good reasons" for giving this opinion less than controlling weight.

Yet, contrary to Plaintiff's contention that the Magistrate Judge failed to discuss or analyze this issue, the R & R thoroughly recounts and expressly adopts the Defendant Commissioner's position that any deviations by the ALJ from the "treating source" regulation were harmless error. (*See* R & R at 5-10, 20-22.) As observed in Defendant's motion, the Sixth Circuit has recognized that an ALJ's failure to adhere to § 404.1527(d)(2) may be harmless error if the ALJ nonetheless "adopts the opinion of the treating source or makes findings consistent with the opinion." *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 547 (6th Cir. 2004); *see also Bass v. McMahon,* 499 F.3d 506, 512 (6th Cir. 2007) (holding that an ALJ's "failure to explicitly state how much

weight" was being given to the observations of a treating physician was "harmless under *Wilson* because the ALJ's opinion [wa]s completely consistent with such observations"); *Heston v. Commissioner of Social Security,* 245 F.3d 528, 535-36 (6th Cir. 2001) (finding that an ALJ's failure to discuss a treating physician's report was harmless error because the ALJ incorporated each of the limitations described in the report into the determination of the plaintiff's residual functional capacity).

In the brief in support of his motion, the Defendant Commissioner offered a "detailed analysis" and "described in great detail" the correlation between Mr. Sommerville's opinion and Plaintiff's residual functional capacity as determined by the ALJ. (R & R at 20-21 (citing Defendant's Motion, Br. in Support at 9-12).) To the extent that Plaintiff views Mr. Sommerville's opinion as arguably reflecting greater limitations than those found by the ALJ, the Court concurs in the Magistrate Judge's analysis of these aspects of Mr. Sommerville's opinion, (*see* R & R at 8-9, 21-22), and agrees with the Defendant Commissioner that these portions of Mr. Sommerville's opinion either addressed matters reserved to the Commissioner or were consistent with the work-related limitations found by the ALJ. Accordingly, because the ALJ's findings were fully consistent with the pertinent aspects of Mr. Sommerville's opinion, the Court holds that any deviation by the ALJ from the analytical framework of 20 C.F.R. § 404.1527(d)(2) was harmless error.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's objection to the Magistrate Judge's February 22, 2012 Report and Recommendation is OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present order. Finally, IT IS FURTHER ORDERED that, for the reasons set forth above and in the Magistrate Judge's Report and Recommendation, Defendant's June 24, 2011 motion for summary judgment (docket #22) is GRANTED, and Plaintiff's March 17, 2011 motion for remand (docket #17) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 27, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2012, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager